UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHER GRIFFIN BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3516** |
| **BP EXPLORATION & PRODUCTION, INC. ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is a Motion for Summary Judgment for Lack of Specific Causation Evidence (Doc. 66) filed by Defendants, BP America Production Company, BP Exploration & Production, Inc., BP p.l.c., Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. (collectively "the BP parties"). For the following reasons, this Motion is **GRANTED IN PART.**

## BACKGROUND

This case is one among the "B3 bundle" of cases arising out of the *Deepwater Horizon* oil spill.[1] This bundle comprises "claims for personal injury and wrongful death due to exposure to oil and/or other chemicals used during the oil spill response (e.g., dispersant)."[2] These cases were originally part of a multidistrict litigation ("MDL") pending in the Eastern District of Louisiana before Judge Barbier. During this MDL, Judge Barbier approved the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement, but

---

[1] *See In re:* Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-02179, R. Doc. 26924 at 1 (E.D. La. Feb. 23, 2021).
[2] *Id.*

1

the B3 plaintiffs either opted out of this agreement or were excluded from its class definition.[3] Subsequently, Judge Barbier severed the B3 cases from the MDL to be reallocated among the judges of this Court.[4] This case was eventually reassigned to Section H.[5]

Cher Griffin Brown was employed in the DWH oil spill response as a shoreline cleanup worker on the beaches of Biloxi, Gulfport, and Pascagoula, Mississippi.[6] She allegedly performed beach cleanup work, picking up oil and tar balls. Plaintiff initially alleged that exposure to crude oil and chemical dispersants caused her to develop a long list of adverse medical conditions, including constipation, headaches, and sinus problems.[7] Pursuant to the Court's Order on April 19, 2022, Plaintiff identified the medical conditions for which she would present expert evidence, as sore throat, hypertension, chest pain, headaches, and joint pain.[8] Plaintiff asserts claims under the general maritime law of negligence, negligence per se, and gross negligence with respect to the spill and its cleanup.[9]

Now before the Court is the BP Parties' Motion for Summary Judgment.[10] The BP Parties argue that Plaintiff has failed to produce sufficient evidence to prove specific causation. Plaintiff opposes.[11]

---

[3] *Id.* at 2 n.3.
[4] Doc. 6.
[5] *See* Doc. 30.
[6] Doc. 66-3 at 3.
[7] Doc. 1-1 at 5.
[8] Doc. 74-1 at 1.
[9] *See* Doc. 33 at 7–15.
[10] *See* Doc. 66.
[11] Doc. 74.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[12] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[13]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor.[14] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[15] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[16] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[17] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the

---

[12] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972).
[13] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[14] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[15] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[16] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[17] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

necessary facts."[18] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[19]

## LAW AND ANALYSIS

The BP Parties allege that Plaintiff has produced no admissible expert testimony addressing specific causation, and in a toxic tort case such as this, expert testimony as to specific causation is required.[20] Plaintiff does not contest that Dr. Cook's expert report fails to address specific causation. Rather, Plaintiff argues that Dr. Cook's general causation report in conjunction with specific evidence of her exposure is sufficient to permit a jury to conclude that her symptoms were caused by toxicants in the oil and dispersants. Specifically, Plaintiff asserts, "when the medical conditions are either 'within the common knowledge of the jury' or 'contemporaneous and transient' general causation expert testimony, along with specific evidence of exposure is all that is required."[21] As Plaintiff makes no argument that she has admissible specific causation evidence, the question before the Court is whether expert evidence of specific causation is required.

The Fifth Circuit uses "a two-step process in examining the admissibility of causation evidence in toxic tort cases. First, the district court must determine whether there is general causation. Second, if it concludes that there is admissible general-causation evidence, the district court must determine whether there is admissible specific-causation evidence."[22] Because the BP

---

[18] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[19] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[20] *See* Doc. 66-1 at 5.
[21] Doc. 74 at 2.
[22] Knight v. Kirby Inland Marine Inc., 482 F.3d 347, 351 (5th Cir. 2007).

parties do not contest Plaintiff's general causation report from Dr. Jerald Cook, M.D, the Court will only address specific causation.

"When the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove causation."[23] However, there is an exception when "the complained-of injuries [are] 'within the layperson's common knowledge,' the general causation evidence . . . is sufficient to meet [the plaintiff's] burden of proof with regard to summary judgment."[24] Courts applying Louisiana law have found that expert testimony is not required to establish causation for common issues such as "dehydration, overheating, exhaustion, mental anguish, fear, stress, anxiety, and depression" because they are within the common knowledge of a layperson.[25]

The BP Parties argue that this case is controlled by maritime law, and as such, that this exception is inapplicable because these cases were decided under Louisiana law.[26] It is true that toxic tort cases, expert testimony is usually required; as one court observed, it has "never held that a [maritime] plaintiff can survive summary judgment in a toxic tort case without admissible expert testimony on the issue of causation."[27] However, the Fifth Circuit has found that "expert testimony is not required in cases where the nature of the injury can be understood by lay factfinders based on ordinary knowledge and

---

[23] Lassiegne v. Taco Bell Corp., 202 F. Supp. 2d 512, 524 (E.D. La. 2002) (finding "that the causes of impotency, migraine headaches and PTSD are not matters within the common knowledge of a layperson.").
[24] Guidry v. Dow Chemical Co., No. 19-12233, 2021 WL 4460505, at *2 (E.D. La. Sept. 29, 2021).
[25] Ainsworth v. Am. Home Assur. Co., 239 So. 3d 359, 365–66 (La. Ct. App. 4 Cir. 2018); *see also Guidry*, 2021 WL 4460505, at *2 (finding that irritant symptoms after being exposed to a chemical are transient symptoms within the common knowledge of lay people).
[26] Doc. 77 at 4.
[27] Gowdy v. Marine Spill Response Corp., 925 F.3d 200, 206 (5th Cir. 2019) (citing Wills v. Amerada Hess Corp., 379 F.3d 32, 46 (2d Cir. 2004) (Sotomayor, J.)).

experience."[28] Other sections of this Court have applied this "so called 'relaxed rule' of evidence" in maritime cases "when the nature of the alleged injury is within the common knowledge of lay persons."[29]

The Court must now determine which medical conditions are within the common knowledge of lay people and do not require expert evidence of specific causation. Plaintiff relies upon *Guidry v. Dow Chemical Co.*, where the plaintiff complained of "irritant symptoms such as nausea, eyes, nose, or throat irritation, coughing, choking or gagging, or nausea, or headaches, dizziness, trouble breathing, or other respiratory issues."[30] In denying summary judgment, the court held that "[e]xpert testimony on general causation combined with specific evidence of the nature of the [plaintiff's] exposure is sufficient to permit the jury to conclude that the [ethyl acrylate] release was more likely than not the cause of the . . . transient symptoms."[31] Contrastingly, this Court in *Ciblic v. BP Exploration & Production*, held that the causal link between the plaintiff's exposure and a later diagnosis of lung cancer was not within the layperson's common knowledge.[32] The ultimate question is whether Plaintiff's medical conditions are akin to a diagnosis of lung cancer in *Ciblic* or similar to the irritant symptoms in *Guidry*.[33]

---

[28] *Id.* at 207.
[29] *Stephens*, 2022 WL 1081193, at *3; Turner v. BP Expl. & Prod. Inc., No. 17-4210, Doc. 61; Wallace v. BP Expl. & Prod. Inc., No. 13-1039, Doc. 47.
[30] *Guidry*, 2021 WL 4460505, at *1–2.
[31] *Id.* at *3 (alterations in original).
[32] Ciblic v. BP Exploration & Production, No. CV 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017).
[33] Troxler v. BP Exploration & Production, Inc. No. 17-4207, 2022 WL 1081193, at * (E.D. La. April 11, 2022) (holding that "the causal connection between exposure to oil and dispersants and [chemical pneumonitis, gastrointestinal problems, breathing difficulties, and memory loss] is not within the common knowledge of a lay person."); *Stephens*, 2022 WL 1081193, at *4 (holding that symptoms like "nasal congestion, nasal discharge, sore throat, nausea, eye burning, irritation, shortness of breath, cough, wheezing, headaches, dizziness, depression, and anxiety" were within the common knowledge of laypeople and do not require an expert on specific causation, while symptoms like "sinusitis, upper respiratory infection, abdominal cramps and pain, mood disorder, and insomnia" were not within the knowledge of laypeople

6

Plaintiff alleges that the oil and dispersants caused her to develop a sore throat, hypertension, chest pain, headaches, and joint pain.[34] The Court finds that hypertension, chest pain, and joint pain are more the complex diseases presented in *Ciblic* than the irritant symptoms presented in *Guidry*.[35] These injuries are neither within the common knowledge of lay people nor classified as transient or temporary. Without expert evidence on specific causation, Plaintiff cannot meet her burden of proof as to these injuries. The remaining medical conditions, headache and sore throat, are likely within the knowledge of lay people.[36] Therefore, Plaintiff does not require an expert on specific causation for these particular medical conditions.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. 66) is **GRANTED IN PART**. Plaintiff's claims are **DISMISSED WITH PREJUDICE** except for the claims for headaches and sore throat.

New Orleans, Louisiana this 15th day of March, 2023.

---

and required expert testimony on specific causation); Turner v. BP Expl. & Prod. Inc., No. 17-4210, Doc. 61 (holding that hypertension and chest pain are not medical conditions within the common knowledge of a lay person and so expert evidence on specific causation was required).

[34] Doc. 66-3 at 2.

[35] *Turner,* No. 17-4210, Doc. 61 (holding that hypertension and chest pain are not medical conditions within the common knowledge of a lay person and so expert evidence on specific causation was required).

[36] *Stephens,* 2022 WL 1081193, at *4 (holding that a sore throat and headaches are within the common knowledge of lay people and so the plaintiff did not need an expert on specific causation for these medical conditions); *Turner*, No. 17-4210, Doc. 61 (holding that throat irritation and headaches are within the common knowledge of lay people and so the plaintiff did not need an expert on specific causation for these medical conditions)

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**